Campbell, Olvief Justice>,
delivered the opinion of the court.
The plaintiff made a contract with the Government to manufacture or supply certain airplane parts on a cost-plus basis. It purchased materials from others to meet the requirements. In November, 1918, the Government gave notice, as provided for in the contract, of its termination. ^Representatives of the two parties met to effect a settlement of the matters groAving out of the contract and to ascertain the amount of the Government’s liability. These were cov- *619 erecl into a so-called settlement contract, which was duly executed. Before it was executed, however, on behalf of the Government, a draft of the proposed contract was sent to the Bureau of Aircraft Production and the several items entering into it were gone over.
This settlement contract, dated April 14, was not executed until April 29, 1919. The items included in it aggregated over two hundred and fifty thousand dollars. After providing for the payment by the Government of these various items it was also provided: “ The contractor does hereby for itself, its successors and assigns, remise, release, and forever discharge the Government of and from all manner of debts, dues, sums of money, accounts, claims, and demands due or to become due, in law or in equity, under or by reason of, or arising out of, said original contract.” The plaintiff seeks to recover on account of three invoices for goods sold to it by the Globe Machine &• Stamping Company and used in the work plaintiff was doing under its contract. These goods were ordered and shipped and were received by plaintiff but the price was not fixed or agreed upon prior to the suspension notice. The invoices were returned to the Globe Company for correction and were in this condition when the details of the settlement referred to were being worked out. The plaintiff called upon the Globe Company to send in the amounts of its claims and made repeated efforts to get these amounts. After several letters and telegrams had passed between them the Globe Company, on April 17th, notified the plaintiff that its only claim arose out of the disputed invoices; that these had been adjusted to a satisfactory basis and the amount of them was $583.30. It now appears that this item of $583.30 had no connection with the disputed invoices, which were originally in the sum of about $4,300 and afterwards reduced to $3,793.23. It is the last named sum that plaintiff now seeks to recover. The item of $583.30 went into the settlement and appears in the settlement contract. It was for material or parts which were not completed or were not delivered when the. suspension took place.
The statement by the Globe Company to the plaintiff as 1o "the amount of the unsettled invoices was in error, but *620 neither the Government’s representatives nor the plaintiff’s agents engaged in the settlement knew of the error. The Government insisted that all items of claim be definite and specific and declined plaintiff’s proposition to be allowed a certain sum to cover unsettled claims that might later appear. There was no such mistake as would authorize relief in this case. Indeed, as between the parties making the settlement, there was no mistake. If relief could be had in view of the release actually executed, it would seem useless to have a release. It is comprehensive in terms and was intended to make definite conclusion and end of matters or disputes growing out of the contract. See William Cramp & Sons Co. Case, 206 U. S. 118, 128. In this case it was said (p. 128) : “ Stipulations of this kind are. not to be shorn of their efficiency by any narrow, technical, and close construction. The general language ‘ all and all manner of debts,’ etc., indicates a purpose to make an ending of every matter arising under or by virtue of the contract. If parties intend to leave some things open and unsettled, their intent so to do should be made manifest.”
The contention that the claim in question should be included in the class of claims referred to in Article IY of the settlement contract as calling for payment of claims that had already been “ vouchered by the contractor and heretofore approved for payment by the Government ” can not be sustainéd. Not only does the petition aver it, but the facts clearly establish that the claims in question were not approved by the approval officer until May 16, long after the release was finally executed. The voucher which the contractor prepared and asked the Government officer to transmit is dated June 9, 1919. It is impossible that these matters, happening long after, could have been included in the provision mentioned. The petition should be dismissed. And it is so ordered.
Hat, Judge; DowNet, Judge, and Booth. Judge, concur.